UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARTY MARCIANO BOONE and RONDA BOONE,<br><br>Defendants. | No. 2:16-cr-00020-TLN<br><br>**ORDER DENYING DEFENDANT'S REQUEST FOR JUDICIAL NOTICE** |

Defendant Ronda Boone ("Defendant") filed a Request for Judicial Notice (ECF No. 76). For reasons discussed below, the Court DENIES Defendant's request.

In her Request for Judicial Notice, Defendant makes a number of arguments regarding the adequacy of the procedure in this matter and the legitimacy of this Court's jurisdiction. (ECF No. 76 at 1–2.) Defendant attaches a document labeled "INTROMISSION" in which she requests that the court clerk place a copy of her birth certificate in safe keeping and clear from the "courthouse" and "Treasury", penalties, fines, bonds, and other debts related to this case. (ECF No. 76 at 5–6.) Defendant also attaches a copy of a UCC Financing Statement that lists Defendant as the filer of that statement. (ECF No. 76 at 9–37.) Defendant also attaches a copy of a document that purports to be her birth certificate. (ECF No. 76 at 39.) Finally, Defendant attaches three copies of IRS Form 56, apparently signed by Defendant, one identifying the

1

undersigned as a fiduciary for Defendant, one identifying the Clerk of the Court for this District as a fiduciary for Defendant, and one identifying the Assistant United States Attorney assigned to prosecute this case as a fiduciary for Defendant. (ECF No. 76 at 40–45.)

Pursuant to Federal Rule of Evidence 201, the Court may judicially notice adjudicative facts that are not subject to reasonable dispute because such facts are reasonably known within the jurisdiction or can be accurately and readily determined from sources whose accuracy cannot be questioned. Fed. R. Evid. 201(b). The Court, therefore, may not appropriately take judicial notice of legal arguments or of alleged facts that are neither generally known within the jurisdiction nor able to be accurately or readily determined from sources whose accuracy cannot be questioned. Moreover, Defendant fails to show how any of the attachments to her request are relevant to this matter. *See* Fed. R. Evid. 401. Accordingly, the Court may not appropriately take judicial notice of Defendant's filing.

The Court notes that in the document labeled "INTROMISSION," Defendant states she is entering only a "Restricted Appearance," states she is currently without representation "due to the inability to find competent counsel," and describes herself as "unschooled in law." (ECF No. 76 at 4–6.) If Defendant intends to move for appointed counsel, her Request for Judicial Notice is not the appropriate vehicle for doing so.

The Court also notes Defendant did not calendar her filing and refers Defendant to Local Rule 430.1 regarding Criminal Motions and Procedures.

For the foregoing reasons, Defendant's Request for Judicial Notice (ECF No. 76) is hereby DENIED.

IT IS SO ORDERED.

Dated: December 5, 2017

Troy L. Nunley
United States District Judge