1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,              No.  2:16-cr-00020-TLN

12                  Plaintiff,

13          v.                              **ORDER**

14   RONDA BOONE,

15                  Defendant.

16          On March 23, 2018, Defendant Ronda Boone ("Defendant") submitted a document titled

17   "lawful NOTICE Declaration Affirmation in truth Demand: ORDER and Public Notice."  (ECF

18   No. 100.)  Defendant's submission is extremely hard to follow, if not indecipherable.  Despite the

19   title of her submission, after close review, it seems Defendant is not requesting (i) an order from

20   this Court, (ii) this Court to take an action, or (iii) any other relief from the Court.  Accordingly,

21   there is nothing for the Court to grant or deny.

22          Out of an abundance of caution, the Court observes that Defendant arguably seems to be

23   informing the Court and Government of her unwillingness to enter into a plea bargain.[1]  If this is

24   Defendant's intent, the Court would simply note that "Rule 11(c)(1) seeks to prevent judge[s]

25   from shaping plea bargains or persuading the defendant to accept particular terms," *United States*

---

[1]      At the outset, Defendant's submission references "THE PROSECUTORS STATUTORY COMMERCIAL
OFFER."  (ECF No. 100 at 3.)  She then contends that she has not been "**provide**[d] . . . enough **information** or
knowledge to . . . enter a plea."  (ECF No. 100 at 3 (emphasis retained).)  Later that same page states she "do[es] not
**accept** this offer" and that she "do[es]n't, didn't won't - **intend** to **accept** or **consent**."  (ECF No. 3 (emphasis
retained).)

1

*v. Kyle*, 734 F.3d 956, 963 (9th Cir. 2013) (internal quotation marks omitted), and "expressly prohibit[s] judicial participation in plea-agreement negotiations," *United States v. Gonzalez-Melchor*, 648 F.3d 959, 963 (9th Cir. 2011). *See* Fed. R. Crim. P. 11(c)(1) ("An attorney for the government and the defendant's attorney, or the defendant when proceeding pro se, may discuss and reach a plea agreement. The court must not participate in these discussions."). Accordingly, the Court expresses no opinion as to Defendant's submission insofar as it relates to plea-agreement negotiations.

IT IS SO ORDERED.

Dated: April 12, 2018

Troy L. Nunley
United States District Judge