**ERIN J. RADEKIN**
**Attorney at Law – SBN 214964**
1001 G Street, Suite 107
Sacramento, CA 95814
Telephone:  (916) 504-3931
Facsimile:   (916) 447-2988

Attorney for Defendant
RONDA BOONE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA, | CASE NO. 2:16-CR-00020-TLN |
| Plaintiff, | **DEFENDANT'S REQUEST FOR USE OF VIDEOCONFERENCING DURING SENTENCING HEARING AND WAIVER OF RIGHT TO PERSONAL PRESENCE; FINDINGS AND ORDER** |
| v. | |
| RONDA BOONE, | |
| Defendant. | Date: January 28, 2020<br>Time: 9:30 a.m.<br>Judge: Troy L. Nunley |

## BACKGROUND

On January 31, 2019, defendant Ronda Boone was found guilty of one count of 18 U.S.C. § 1956(h), money laundering conspiracy, and two counts of 18 U.S.C. § 1957, transactions in criminally derived property.  ECF No. 151.  Judgement and sentencing is currently set at the above-referenced date and time.  ECF No. 266.

On March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act").  The CARES Act empowered the Judicial Conference of the United States and Chief District Judges to authorize plea and sentencing hearings by video or telephonic conference when (1) such hearings "cannot be conducted in person without seriously jeopardizing public health and safety;" and (2) "the district judge in a particular case finds for specific reasons that the plea or sentencing in that

1

case cannot be further delayed without serious harm to the interests of justice." *Id*., Pub. L. 116-23. On March 29, 2020, the Judicial Conference of the United States made the findings required by the CARES Act, concluding that "emergency conditions due to the national emergency declared by the President under the National Emergencies Act (50 U.S.C. § 1601, et seq.) with respect to the Coronavirus Disease 2019 (COVID-19) have materially affected and will materially affect the functioning of the federal courts generally." On June 29, 2020, the Chief Judge of this District, per General Order 620, also made the findings required by the CARES Act: "[F]elony pleas under Rule 11 of the Federal Rules of Criminal Procedure and felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person without seriously jeopardizing public health and safety." Accordingly, the findings of the Judicial Conference and General Order 620 establish that plea and sentencing hearings cannot take safely take place in person.

General Order 620 has been extended several times. On January 4, 2021, it was again extended for another 90 days pursuant to General Order 628.

In order to authorize sentencing hearings by remote means, the CARES Act—as implemented by General Order 620—requires district courts in individual cases to "find, for specific reasons, that felony pleas or sentencings in those cases cannot be further delayed without serious harm to the interests of justice." General Order 620 further requires that the defendant consent to remote proceedings. Finally, the remote proceeding must be conducted by videoconference unless "videoconferencing is not reasonably available." In such cases, district courts may conduct hearings by teleconference.

Ms. Boone hereby agrees and stipulates that each of the requirements of the CARES Act and General Order 620 have been satisfied in this case. She requests that the Court enter an order making the specific findings required by the CARES Act and General Order 620. Specifically, for the reasons further set forth below, she agrees that: (1) the sentencing hearing in this case cannot be further delayed without serious harm to the interest of justice given the length of time that has elapsed since the guilty verdicts; and (2) the defendant waives her right to physical presence at the hearing and consents to

2

remote hearing by videoconference, and counsel joins in that waiver.

## STIPULATION

Defendant, Ronda Boone, by and through her counsel of record, Erin J. Radekin, hereby stipulates as follows:

1. The Governor of the State of California declared a Proclamation of a State of Emergency to exist in California on March 4, 2020.

2. On March 13, 2020, the President of the United States issued a proclamation declaring a National Emergency in response to the COVID-19 pandemic.

3. In their continuing guidance, the Centers for Disease Control and Prevention (CDC) and other public health authorities have suggested the public avoid social gatherings in groups of more than 10 people and practice physical distancing (within about six feet) between individuals to potentially slow the spread of COVID-19.  The virus is thought to spread mainly from person-to-person contact, and no vaccine currently exists.

4. These social distancing guidelines—which are essential to combatting the virus—are generally not compatible with holding in-person court hearings.

5. On March 17, 2020, this Court issued General Order 611, noting the President and Governor of California's emergency declarations and CDC guidance, and indicating that public health authorities within the Eastern District had taken measures to limit the size of gatherings and practice social distancing.  The Order suspended all jury trials in the Eastern District of California scheduled to commence before May 1, 2020.

6. On March 18, 2020, General Order 612 issued.  The Order closed each of the courthouses in the Eastern District of California to the public.  It further authorized assigned district court judges to continue criminal matters after May 1, 2020 and excluded time under the Speedy Trial Act.  General Order 612 incorporated General Order 611's findings regarding the health dangers posed by the pandemic.

3

7. On April 16, 2020, the Judicial Council of the Ninth Circuit declared a judicial emergency in this District pursuant to 18 U.S.C. § 3174(d), based on the District's "critically low resources across its heavy caseload." The report accompanying the Judicial Council's declaration analyzed the public safety dangers associated with the COVID-19 pandemic and examined both the District's caseload (the District currently ranks first in the Ninth Circuit and eighth nationally in weighted filings) and its shortage of judicial resources (the District is currently authorized only six district judges; two of those positions are currently vacant and without nominations). The report further explained that a backlog of cases exists that "can only start to be alleviated" when the CDC lifts its guidance regarding gatherings of individuals.

8. On April 17, 2020, General Order 617 issued, continuing court closures through June 1, 2020 and authorizing further continuances of hearings and exclusions under the Speedy Trial Act.

9. On May 13, 2020, General Order 618 issued, continuing court closures until further notice and authorizing further continuances of hearings and exclusions under the Speedy Trial Act.

10. On June 29, 2020, General Order 620 issued, authorizing videoconferencing and telephone conferencing for criminal proceedings under Section 15002 of the CARES Act.

11. On September 30, 2020, General Order 624 issued, extending General Order 620 for another 90 days (unless terminated early) under Section 15002(b)(3) of the CARES Act.

12. On January 4, 2021, General Order 628 issued, again extending General Order 620 for another 90 days under the CARES Act.

13. The sentencing hearing in this case cannot be further delayed without serious harm to the interests of justice because of the public's interest in this case proceeding to sentencing in light of the length of time that has elapsed since the guilty verdicts.

14. Under CARES Act § 15002(b), defendant consents to proceed with this hearing by video-teleconference. Counsel joins in this consent.

//


IT IS SO STIPULATED.

DATED: January 21, 2021                                 /s/ Ronda Boone
                                                       RONDA BOONE
                                                       Defendant
                                                       (original retained in file)

APPROVED.

Dated: January 21, 2021                                Respectfully submitted,
                                                        /s/ Erin J. Radekin
                                                       ERIN J. RADEKIN
                                                       Attorney for Defendant
                                                       RONDA BOONE

## FINDINGS AND ORDER

1. The Court adopts the findings above.

2. Further, the Court specifically finds that: (a) The sentencing hearing in this case cannot be further delayed without serious harm to the interest of justice; (b) The defendant has waived her right to physical presence at the hearing and consents to remote hearing by videoconference; and

3. Therefore, based on the findings above, and under the Court's authority under § 15002(b) of the CARES Act and General Order 620, the sentencing hearing in this case will be conducted by videoconference.

IT IS SO FOUND AND ORDERED this 21st day of January, 2021.

_____
Troy L. Nunley
United States District Judge